## BENTON v. BURBANK.

*Burden of proof.*

54  583
66  614

In an action on a bond given to indemnify the plaintiff against loss, &c., by reason of recognizing for the appearance at court of C. B. to answer to an indictment, the defendants filed a brief statement to the effect that the plaintiff had caused the forfeiture, and thus brought the damage upon himself by his own act. *Held*, that as to the issue thus raised, the burden of proof was on the defendants.

Such a brief statement shows a good defence, and will not be rejected on motion.

DEBT, by Jacob Benton against Stephen Burbank and others, upon a bond, signed by Stephen Burbank as principal and by the other defendants as sureties, conditioned to "indemnify said Jacob Benton against all loss, cost, damage, and expense to which he may be subject" by reason of becoming surety upon a recognizance for the appearance of Charles A. Burbank, a son of Stephen, at the November term of court in Coös county, in 1864, to answer to an indictment found against him at the April term, 1864. The declaration set out the condition of the bond, and averred, in substance, that the plaintiff had been compelled to make a payment to the state upon the recognizance, and that the defendants had not indemnified him against all loss, cost, damage, or expense to which he was subjected by reason of his becoming surety for the appearance of said Charles. Plea, the general issue (*non est factum*), with a brief statement, setting forth, in substance, that the plaintiff, a short time previous to the November term, instructed Stephen Burbank that it was doubtful whether Charles would be wanted at said November term; that he would let Stephen, know whether Charles was wanted in season to enable Stephen to procure him; that the parties interested need not give themselves any trouble about it until they heard from the plaintiff; that the plaintiff did not give to Stephen Burbank, nor to any of the parties interested, any notice after that time that Charles was wanted at said November term; that Charles would have appeared and answered to the indictment had it not been for this arrangement of Stephen Burbank with the plaintiff, but that the plaintiff in this way prevented his appearing. The plaintiff moved that the brief statement be rejected on the ground that the facts set forth, if true, constituted no defence; but the motion was overruled, and the plaintiff excepted. The execution of the bond was admitted, and it was not seriously disputed that the recognizance, which is the same referred to in *State* v. *Benton*, 48 N. H. 551, was entered into by the plaintiff and duly forfeited at said November term, nor that the plaintiff had paid the amount of the same with interest and costs. The defendants introduced testimony tending to prove the

facts set forth in the brief statement. As to these matters, the plaintiff's testimony was in conflict with the defendants'. The defendants contended that the plaintiff was estopped from maintaining this action. The court instructed the jury that the evidence should be carefully scrutinized, and should be full and satisfactory before it should be admitted to estop the plaintiff; yet that the question of estoppel, like other questions in the case, was to be decided upon the preponderance of evidence; that it was incumbent on the plaintiff to make it appear more probable than otherwise, upon all the evidence, that the bond in suit was a subsisting obligation against the defendants; that it was, therefore, incumbent on the plaintiff to make it appear more probable than otherwise, upon all the evidence, that the plaintiff was not estopped; and hence, that if the evidence upon the question of estoppel was exactly balanced, so that the scales did not tip either way in the least degree, their verdict must be for the defendants. To these instructions in relation to the burden of proof the plaintiff excepted.

The jury found a verdict for the defendants, which the plaintiff moved to set aside.

*J. Benton, Ray & Drew, J. H. Benton, Jr.,* and *Twitchell,* for the plaintiff.

*Burns & Heywood, G. A. Bingham,* and *Hastings,* for the defendants.

The brief statement contained a defence. *Drew* v. *Kimball,* 43 N. H. 285; *Cole* v. *Horn,* 51 N. H. 287. The question was, whether the plaintiff *ever* had a cause of action against the defendants that he could assert, not whether it had been discharged after it accrued. The burden of proof was upon the plaintiff.

LADD, J. It is said that this case hinges upon the construction of the contract under which the plaintiff claims, and the argument in favor of the ruling made by the judge at the trial, as I understand it, may be fairly stated as follows: By a true construction of the bond, the defendants did not undertake to indemnify the plaintiff for damage which he might bring upon himself by his own act; the brief statement shows that the damage which he has suffered was brought upon him by his own act; therefore, before he can recover, he must show affirmatively that the damage was not caused, as alleged in the brief statement, by his own act. In other words, the construction of the contract being that the defendants should not indemnify the plaintiff for damage which he might cause to himself, therefore, in order to make out a right to recover for a breach of that contract, the plaintiff must prove a breach of the contract shown by the writing, with this undoubted proposition of law incorporated into and made part of it by construction. He must prove (1) the contract; (2) a breach of the contract as written, and consequent damage; (3) that the defendants are not excused from performance on their part by reason of

a breach by him ; not, indeed, of anything written in the contract, but of a principle of law which the court place there by construction, and declare to be part of the contract the same as though it were found there written.

A majority of the court are unable to accept this view. It is said to be the first general maxim of interpretation, that it is not permitted to interpret what has no need of interpretation. Potter's Dwarr. on,St. 126. If we look at the bond on which this suit is based, it is not easy to see what there is about it that calls for interpretation or construction. It is no more nor less than a simple, plain undertaking by the defendants to indemnify the plaintiff against loss, &c., by reason of his recognizance for the appearance of Charles A. Burbank at court. There is nothing uncertain or doubtful about it: it presents no ambiguity. In determining the rights and obligations of the parties under it, all the court have to do, therefore, is, to give effect to the plain import of the language used. A promissory note shows a contract to pay money absolutely. This bond is just as plain a contract to pay money upon the contingency therein set out—which is, that the plaintiff suffers loss, cost, damage, or expense—by reason of his recognizance. When such loss happens the condition is met, and the obligation to pay becomes absolute, according to the tenor of the bond.

The plaintiff proved the conditional covenant to pay by proving the bond ; he also proved that the condition on which the payment was to be made had been fulfilled, by showing that he had suffered loss, &c., by reason of having become Burbank's surety. What more was necessary? This was all he alleged in his declaration, and all he needed to allege; what more was he bound to prove? Clearly, he had proved his whole case, and the case so made out could only be directly answered— that is, could only be met in the way of *denial*—by disproving one or the other of these material facts, either by showing that the conditional promise or covenant to pay was never entered into by the defendants, or that the condition on which their liability was made dependent had not happened.

The case differs widely from those actions of tort where it is incumbent on the plaintiff to show that he was in no fault, or that his own want of care did not contribute. In all those cases, freedom from contributory fault is a substantive, affirmative fact, which the plaintiff must make out as part of his case before he is entitled to recover, on the plain ground that until he does this it is not made to appear that the injury was caused by the defendant's fault.

The same remark applies to *Palmer* v. *Concord*, 48 N. H. 211. The plaintiff's right to recover in that case was, by the statute on which the suit was founded, made to depend upon the fact that the destruction of his property was not caused by his own " illegal or improper conduct." Without showing this, no cause of action would be made out, by the very terms of the statute which created the right. So far as this case bears upon any question in the present, it only goes to show that where the action is on a contract, the plaintiff must show all the facts

necessary to constitute a breach of the contract by the defendant. Undoubtedly, the brief statement here shows a defence. *Damnificatus, in his own wrong,* is a good plea, and that is what the brief statement amounts to. It only follows, that the motion to reject the brief statement was properly denied. Upon whom was the burden of proof, as to the facts set up therein, did not depend on whether or not those facts made a defence, but upon whether or not they constituted a denial of any material fact which the plaintiff must prove. If the plaintiff was bound neither to allege nor prove that his damage was not the result of his own act, what part of his case was denied by this new matter? The argument is, that inasmuch as the defendants have not undertaken to indemnify the plaintiff against his own acts, therefore, when the question is raised whether the damage complained of was thus caused, the burden is on the plaintiff to show that it was not. I see no connection between the reason and the conclusion. If the damage was caused by the plaintiff's act, he certainly is not entitled to recover. Was it so caused? The defendant says yes; the plaintiff, no: and that is the only question tried. Who has the affirmative? The payee of a promissory note cannot recover if the note has been once paid to him; so a plaintiff cannot recover if there has been an accord and satisfaction of the subject-matter of the suit, or a release: still, the burden of proving such independent facts which go to the whole case, showing that the plaintiff is not entitled to recover without denying any of the allegations of the declaration, is generally understood to be on the party setting them up.

Suppose the matter of this brief statement had been pleaded specially: the very first step must have been to confess every material fact of the declaration. Before the defendants could say that the damage suffered by the plaintiff was brought upon himself by his own act, they must admit, first, the execution of the bond, for otherwise it is entirely immaterial how the damage happened; and, secondly, that he has suffered damage by reason of his recognizance, for damage occasioned by anything else except the recognizance would have nothing to do with the case. Such plea would then state the new and independent matter, showing that the plaintiff is not legally entitled to recover by way of avoidance, and conclude with a verification. If this new matter were denied by replication, who would have the burden of proof on the issue thus raised?

No analogy is seen between the pleas of *non damnificatus,* and *damnificatus sua injuria.* One goes more particularly to the breach, denying that there has been any damage; the other distinctly and unequivocally admits damage which comes within the letter of the covenants, but denies liability on the new and independent ground that the plaintiff, by his own act, brought the damage upon himself. One is a general issue, denying necessary averments in the declaration (at least, when the condition of the bond is there set out), while the other is strictly in confession and avoidance of the plaintiff's case. So we see it is properly held that after a plea of *non damnificatus* and

replication, a rejoinder of *damnificatus sua injuria* is bad, being a departure from the plea. *Richards* v. *Hodges*, 2 Saund. 83; *Hulland* v. *Malken*, 2 Wilson 126; 3 Chit. Pl. 983–985; Story's Pl. 299.

No support for a different doctrine can be drawn from criminal cases, such as *State* v. *Bartlett*, 43 N. H. 224, and *Commonwealth* v. *McKie*, 1 Gray 61, for the reason that no analogy exists in this particular between civil and criminal causes. In a criminal case, there is and can be but one issue. The prosecution charges that the prisoner is guilty; the prisoner denies it. The state must prove their charge beyond a reasonable doubt, and to do this must establish every fact essential to the crime. If all the allegations in the indictment may be admitted without conclusively admitting that the prisoner is guilty, the indictment is bad, and will be quashed on motion or demurrer, or judgment will be arrested after verdict. Exactly the opposite is true with respect to the averments of the declaration in a civil case. They may all be confessed, and then some new matter brought in showing that notwithstanding their truth the plaintiff is not entitled to recover, and then the issue to be tried is not suggested by the declaration at all. In a civil case there may be more than one issue, and as to one issue the plaintiff may have the affirmative, and so the burden of proof, while as to another, the affirmative and burden of proof may be on the defendant.

If a brief statement of matter in discharge or avoidance be filed under the general issue, the plaintiff must make out his case, in the first instance, by affirmative proof according to his declaration. The defendant may meet this case by disputing and disproving the facts upon which it rests, that is, by anything that amounts to a denial, and in all this the burden of proof remains with the plaintiff throughout; but the trial of the new issue, introduced by the brief statement, is an entirely different matter. The burden of proof is on the defendant in the outset, and remains on him to the end. There is no shifting in either case.

Had it been necessary in the present case for the plaintiff to allege or prove that the damage was not caused by his own act, I should admit the position of the defendants. But I think no such anomaly exists here, or can be found anywhere else in the law, as that a plaintiff, who seeks to recover for the breach of a written contract, after proving the contract, a breach, and damage,—fulfilling exactly the express and unambiguous terms of the writing,—must go further, and show that the damage was not brought upon himself by his own act. It is the law, and not the contract, which says the plaintiff shall not recover damages caused by himself.

It has been suggested that the ruling may be sustained upon some of the reasoning of Mr. Justice Doe in his dissenting opinion in the case of *Kendall* v. *Brownson*, 47 N. H. 186, 196. Nothing can be clearer, as it seems to me, than that the ruling finds no countenance either in the opinion of the court, or the dissenting opinion in that case. The court there held, in general terms, that, if the defendant relies upon pay-

ment as a defence, either upon the general issue or a special plea, the burden rests upon him to prove payment. Judge DoE held that if the issue were as to payment *before there had been any breach of the contract to pay*, the burden would be on the plaintiff, because, without showing a breach, the plaintiff's right to recover is not made out, nor one very material allegation of his declaration proved. He distinctly says, however (p. 202),—"If the defence in this case had been payment after breach, it would have been in confession and avoidance, admitting a breach and setting up a new, distinct, affirmative fact of subsequent payment in discharge of a cause of action which once existed; the burden of proof would have been on the defendant, and his evidence would have been received under the general issue only by a relaxation of the strict rules of pleading.

It is most clear from this that if the defence there had been one which could not be set up without, at the same time and by the very act of setting it up, admitting a breach of the original contract according to the express terms of the writing in which that contract was embodied, Judge DoE must regard such defence as in confession and avoidance, and the burden of proof in making it out as being upon the defendant.

It may be said that this case comes within the views expressed in the dissenting opinion in *Kendall* v. *Brownson*, for the reason that, in point of fact, the matter relied on here occurred before a breach, and that this stands the same as payment of a note before breach. But I think this position will not bear examination. There would certainly seem to be some ground upon which it may be said, that payment of a note before maturity does not imply a breach of the contract to pay it at maturity, and hence, that a plea of payment before breach would not be, in any legal sense, a plea in confession and avoidance. It would certainly seem to be quite axiomatic that such a plea confesses, at most, but half the plaintiff's case, namely, the making of the contract on which the suit is brought, while it denies the other half, namely, that that contract has been broken. The only difference between such a plea and the general issue is, that the general issue denies both the making of the contract and the breach, while the plea of payment before breach admits the making of the contract, but denies the breach. Thus far, at least, all is extremely plain; but when it came to the question upon whom is the burden of proof in such case, opinions differed, and the clear and forcible argument of the dissenting judge did not prevail with a majority of the court. Unfortunately, the present case has not the semblance of such an argument on which to rest. The question is, Can the defence be made without admitting the plaintiff's case? If the defendants here were to *deny* the plaintiff's case, they would say,—We did not make this bond; or, there has been no forfeiture; or, you have suffered no damage; or, we have performed the covenants. What they do say is,—We did make the bond; there has been a forfeiture; you have suffered damage; we have done nothing by way of performance: *but*, the damage you have suffered you have brought

upon yourself by your own act, therefore we are not liable. No denial of a single material allegation of the declaration, or of a single fact which the plaintiff must make out, either by the testimony of witnesses or in any other way, in order to recover, but a plain setting up of new, outside matter, the legal effect of which is to defeat the plaintiff's action by facts in no way connected with the contract. It is not of the slightest consequence when this new matter arose; it is entirely outside the contract in any view; it is not in denial of the plaintiff's case; it could not be set up in a special plea without confessing the plaintiff's case, and when set up in a brief statement under the general issue it has the same effect. I think, therefore, that the ruling is not only at war with the opinion of the court in *Kendall* v. *Brownson*, and every legal principle and authority on which it rests, but goes so far beyond the dissenting opinion in that case as to impose the burden of proof upon the plaintiff, under all circumstances, without reference to either the form or substance of the issue to be tried. I have endeavored in vain to imagine a case where the burden of proof could be thrown upon the defendant, if it should not have been here. Take the case of a promissory note, for one example. It is certainly as much a part of the contract that the maker shall not be required to pay it twice, as in this case that the obligee shall not recover for self-inflicted damage. The doctrine would require the plaintiff in all cases, whether there is a suggestion of payment or not, to show that the note had not been paid; and his proof on that point must cover the time after the maturity of the note, as well as before.

So, I think, it may easily be shown that the doctrine would require the plaintiff to prove that there has not been an accord and satisfaction, or that the defence of infancy, or the statute of limitations, is not well founded; for if either of those defences exist, the plaintiff has not a legal right to recover; and the contract sued just as much incorporates the law of the land on which those defences rest, as the contract in this case incorporates the law of the land that the obligee in a bond cannot recover for damages which he has caused himself. In an action of slander, where the defendant pleads the truth of the words in justification, the plaintiff's right to recover depends upon the fact that the words were false. In such case, with much greater reason it might be held that the plaintiff must in the outset show that they were false, for that is one of the material allegations of his declaration. Such plea, like the plea of payment before a breach, in assumpsit, is a distinct denial of part of the plaintiff's case; yet the courts hold that the burden of proof on the issue raised by such a plea is on the defendant. This comes within the opinion of the court in *Kendall* v. *Brownson*, but not within the reasoning of the dissenting opinion.

If the question in this case were merely technical and abstract, or one having relation to the symmetry and consistency of the law as a science rather than to its practical application and administration, a decision in favor of the ruling would give occasion for less uneasiness; but the question upon whom is the burden of proof, is, as every lawyer

knows, one of great practical importance, upon which the fate of a case not infrequently depends. The scales in which a jury weigh the evidence are not, and ought not to be, so sensitive and finely poised but that there must be something of substantial weight to force them from a state of equilibrium ; and the rules with respect to the burden of proof, which we find existing in the common law, very well meet this natural and necessary state of things. To impose upon the plaintiff the burden of making out his case, and then the further burden of disproving a new and independent matter brought in by his antagonist by way of defence, would seem to be such a subversion of those well-established rules as must make the trial by jury, in many cases, little better than a solemn farce.

In these views a majority of the court concur, and

*The verdict must be set aside.*